IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR KENT COUNTY


AUGUSTUS HEBREW EVANS, JR., :
: C.A. No: K14C-08-018 RBY
Plaintiff, :
:
v. :
:
GENENTECH, INC., :
:
Defendant. :

Submitted: December 19, 2014
Decided: January 23, 2015


***Upon Consideration of Defendant's
Motion to Dismiss
GRANTED***


**ORDER**


Augustus Hebrew Evans, Jr., *pro se.*

Michael P. Kelly, Esquire, McCarter & English, LLP, Wilmington, Delaware for Defendant.


Young, J.

*Evans v. Genentech, Inc.*
*C.A. No.: K14C-08-018 RBY*
*January 23, 2015*

**SUMMARY**

Augustus H. Evans ("Plaintiff") allegedly suffered adverse side-effects after taking a medication prescribed to him in prison. The medication is produced by Genentech, Inc. ("Defendant"). Plaintiff decided to take legal action against Defendant, more than three years after the known presence of the alleged side-effects. Unfortunately, for Plaintiff, this decision was a tardy one. 10 *Del. C.* § 8119 requires that personal injury actions be filed within two years of the alleged tort. Plaintiff's claim is, thus, time-barred. The Court **GRANTS** Defendant's Motion to Dismiss.

**FACTS AND PROCEDURES**

In February 2007, Plaintiff, an inmate at James T. Vaughn Correctional Center in Smyrna, Delaware, was prescribed Naprosyn by his prison doctor. Shortly thereafter, Plaintiff claims to have started to experience extreme headaches. In June 2014, more than seven years later, after allegedly hearing a radio advertisement issued by the Food and Drug Administration ("FDA"), that Naprosyn may cause headaches, Plaintiff determined to file suit against its manufacturer, the Defendant. On August 15, 2014, Plaintiff initiated the present action, filing a Complaint. Defendant moves to dismiss.

**DISCUSSION**

Plaintiff, a prolific litigant who has gained notoriety among the Delaware courts[1], has again sought the recourse of the legal system of this State. This time,

---

[1] Plaintiff is barred from proceeding *in forma pauperis; see e.g., In re Evans*, 2014 Del. Ch. LEXIS 157, at *1-2 (Del. Ch. Aug. 14, 2014); *Evans v. Graves*; 2013 Del. Super. LEXIS 419, at *1-4 (Del. Super. Ct. Sept. 30, 2013).

Plaintiff files suit against a pharmaceutical company that produced a medication, prescribed to him by his prison physician. Plaintiff alleges that, after taking Defendant's medication, Naprosyn, he developed headaches. From this purported injury stem six claims: 1) negligent failure to warn; 2) negligent misrepresentation; 3) breach of implied warranty of merchantability; 4) breach of implied warranty of fitness for a particular purpose; 5) breach of express warranty; and 6) fraud.

Defendant moves to dismiss all six of Plaintiff's claims under a number of theories.[2] Sometimes it is the most simple and largely procedural motion that resolves the issue. Such is the case here. Pursuant to 10 *Del. C.* § 8119, claims for personal injuries are subject to a two year statute of limitations. The Court finds that Plaintiff was late in bringing this action. As a result Plaintiff's suit is now time barred.

The two year statute of limitations imposed by 10 *Del. C.* § 8119, involves the issue of when the clock begins to tick. The limitations period begins to run "when a harmful effect first manifests itself and becomes physically ascertainable."[3] Defendant argues, based on Plaintiff's own allegations in his Complaint, that Plaintiff's ailment first appeared in February 2007, self-described as "severe headaches." Defendant avers this is the physical manifestation called for by the statute. As such, Plaintiff had until February 2009 to file this action. Plaintiff failed to commence any action until August 15, 2014, more than seven (7) years later.

---

[2] Including, but not exhaustively: (1) Super. Ct. Civ. R. 12(b)(6) for failure to state a claim; (2) 10 *Del. C.* § 8119 as untimely; and (3) Super Ct. Civ. R. 9(b) requiring specificity in negligence and fraud suits.

[3] *Greco v. Univ. of Delaware*, 619 A.2d 900, 905-906 (Del. 1993).

In response to Defendant's assertion that his lawsuit is time barred, Plaintiff cites to the Delaware Supreme Court case *Brown v. E.I. duPont de Nemours & Co., Inc.*[4] In *Brown*, the Supreme Court recognized that although a Plaintiff may begin exhibiting physical symptoms of an injury, she may not be able, at the time, to discern their cause. In such situations, the statute of limitations period found in § 8119, is extended to when the Plaintiff is on notice of the potential tortfeasor. By analogy, Plaintiff argues that he was not aware that Naprosyn could cause his symptoms until June 2014, when he allegedly listened to a radio announcement issued by the FDA.

The Court is unpersuaded by Plaintiff's reference to *Brown*. As a starting point, the holding of *Brown* arose from the fact that the Plaintiffs in that case suffered from an illness that "no one in the medical community" recognized as potentially stemming from the offending product.[5] This is what the Court understands the Supreme Court to have meant by requiring that a Plaintiff not only have physical manifestations, but also be on *notice*. More so than the actual Plaintiff, it is medical science that must recognize the connection between product and malady. In the case at bar, Plaintiff makes no assertion that the link between headaches and Naprosyn was unknown at the time he began to feel ill. The Plaintiff, *himself*, may have been unaware of the possible connection, but this is not a circumstance affected by the holding of *Brown*. In fact, it appears that the medical community certainly was on notice of headaches potentially resulting from use of the medication, as is apparent from the package

---

[4] 820 A.2d 362 (Del. 2003).

[5] *Id.*, at 366.

insert for Naprosyn, available as early as 2006.[6] The *Brown* scenario is simply inapposite to the one faced by this Court.

The Court finds that Plaintiff was not only experiencing physical manifestations of his malady in 2007, but also was on notice that Naprosyn was the potential cause. 10 *Del. C.* § 8119 governs the timely institution of personal injury actions. The time to bring this lawsuit began to run in February of 2007. By instituting this action in 2014, Plaintiff missed the deadline by several years. Plaintiff's action is time barred by the applicable statute of limitations.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is **GRANTED**.

**IT IS SO ORDERED**.


        /s/ Robert B. Young
               J.


RBY/lmc
oc:   Prothonotary
cc:   Counsel
      Mr. Evans, JTVCC
      Opinion Distribution
      File

---

[6] The Defendants point the Court to the FDA website, wherein the insert for Naprosyn is available for viewing at: http://www.accessdata.fda.gov/drugsatfda_docs/label /2006/020067s010,018965s013,018164s055,%20017581s105lbl.pdf. The Court takes judicial notice of the insert. *In re General Motors S'holder Litig.,* 897 A.2d 162, 169 (Del. 2006)(on motion to dismiss, Court may take judicial notice of "matters that are not subject to reasonable dispute").